UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

BERNICE W. FRADY                                                                                          PLAINTIFF

v.                                                                                          CIVIL ACTION NO. 1:04CV69

UNITED STATES POSTAL SERVICE                                                        DEFENDANT

**ORDER**

This cause comes before the court on the motion of defendant United States Postal Service (USPS) to dismiss, or alternatively, for summary judgment. Plaintiff Bernice W. Frady has responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, concludes that the motion should be granted in part and denied in part.

This is an employment discrimination action arising out of a negative merit evaluation received by plaintiff in 1997, during her employment at the USPS. In the present motion, defendant seeks to dismiss the action based upon the fact that plaintiff did not include her discrimination claim as an asset in the Chapter 7 bankruptcy which she filed in 1998. In light of this failure, defendant argues that plaintiff lacks standing to bring this lawsuit, or, alternatively, that the doctrine of judicial estoppel should bar her from proceeding. Plaintiff concedes that she failed to list her discrimination claim as an asset of her bankruptcy estate, but she submits that she was unaware that she was required to do so and that any failure in this regard was one of omission, rather than of fraud. Plaintiff further submits that she has moved to reopen her

1

bankruptcy estate so that her claims may be formally listed as assets of her bankruptcy estate.

The court agrees with defendant that the proper plaintiff in this action is the Chapter 7 trustee, and that, as an asset of plaintiff's bankruptcy estate, any recovery in this lawsuit should first be used to satisfy plaintiff's unpaid bankruptcy creditors. In the court's view, however, a dismissal of the lawsuit would be of no benefit to plaintiff's unpaid creditors, inasmuch as any recovery on their part is dependent upon plaintiff's eventual recovery in this lawsuit. Moreover, defendant has presented no evidence indicating that plaintiff committed a knowing fraud in failing to list her discrimination claim as an asset of her estate. The court therefore declines to dismiss this lawsuit, although the court does direct plaintiff to file an amended complaint in which the Chapter 7 bankruptcy trustee is the named plaintiff, assuming that the trustee does not wish to abandon the claim.[1] This approach will ensure that plaintiff does not profit from her failure to list her claim as an asset of the bankruptcy estate, while at the same time permitting plaintiff's bankruptcy creditors to seek the relief to which they are entitled.

The court now turns to defendant's motion to dismiss plaintiff's constructive discharge claim for failure to exhaust administrative remedies. Defendant concedes that plaintiff exhausted her administrative remedies with regard to at least some of her claims by litigating administrative EEOC proceedings against the USPS between 1997 and 2003. Defendant argues, however, that plaintiff never presented her constructive discharge claim to the USPS, thus depriving the agency of the opportunity to resolve that claim, to which it was entitled by law. *National Ass'n of Gov't Employees v. San Diego*, 40 F.3d 698, 711 (5th Cir. 1994). Plaintiff concedes that she failed to

---

[1] The court leaves it to plaintiff to ensure that she complies with the specific procedural requisites for substituting the Chapter 7 trustee as a plaintiff in this action.

exhaust her administrative remedies on her constructive discharge claim, but she contends that it would have been futile for her to do so. In support of this assertion, plaintiff notes the lengthy administrative process which she completed, and she submits that it would have been futile to raise her constructive discharge claim before the USPS.

While it may (or may not) be the case that the USPS would have rejected plaintiff's constructive discharge claim, the court is unwilling to assume that it would have done so, based solely upon the fact that it rejected the other claims raised by plaintiff. Plaintiff had ample opportunity to raise any constructive discharge complaints which she might have had against the USPS, and she failed to raise any such claims until comparatively late in these proceedings. In *Clayton v. Dept. of Defense*, 106 Fed. Appx. 268, 271 (5th Cir. 2004), the Fifth Circuit dismissed constructive discharge claims where plaintiff had failed to exhaust administrative remedies, noting that "[c]ourts have no jurisdiction to consider Title VII claims as to which the aggrieved party has not exhausted administrative remedies." In light of this clear and unambiguous authority, the court must conclude that it lacks jurisdiction to consider plaintiff's constructive discharge claim, and this claim will therefore be dismissed without prejudice.

In light of the foregoing, defendant's motion [14-1] to dismiss, or alternatively, for summary judgment is granted in part and denied in part. That is, defendant's motion to dismiss the action in its entirety is denied, although plaintiff's constructive discharge claim is dismissed without prejudice.

SO ORDERED, this 26th day of September, 2005.

      /s/ Michael P. Mills
      **UNITED STATES DISTRICT JUDGE**